# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

IN RE: STACY RAY KLINE, Debtor            No. 5:17-bk-70388
                                                                                     Ch. 7

**STACY RAY KLINE**                                                                               **PLAINTIFF**

v.                                   5:17-ap-7012

**INTERNAL REVENUE SERVICE and
ARKANSAS DEPARTMENT OF FINANCE &
ADMINISTRATION**                                                     **DEFENDANTS**

**OPINION AND ORDER GRANTING ARKANSAS DEPARTMENT OF FINANCE
AND ADMINISTRATION'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the cross-motions for summary judgment filed by the debtor, Stacy Kline, and Arkansas Department of Finance and Administration [ADFA]. The debtor filed his motion on November 10, 2017; ADFA filed its motion on November 12, 2017. In making its decision, the Court considered the following pleadings that have been filed in this case:

    1.     *Complaint to Determine Dischargeability of Debt and Validity, Extent and Priority of Liens*, filed on March 1, 2017;[1]

    2.     *Answer of the Arkansas Department of Finance and Administration to the Complaint to Determine Dischargeability of Debt and Validity, Extent and Priority of Liens*, filed on March 30, 2017;

    3.     *Joint Stipulation of Facts By Plaintiff and Arkansas Department of Finance & Administration*, filed on October 5, 2017;

---

[1] The debtor filed his voluntary petition on February 17, 2017, and his complaint against the Internal Revenue Service and Arkansas Department of Finance and Administration on March 1, 2017. The Court received the Internal Revenue Service's and the debtor's *Joint Stipulation For Judgment Determining Dischargeability of Federal Taxes* on April 3, 2017. Based on the stipulation, the debtor's 2004, 2005, 2006, 2007, 2008, 2009, 2011, and 2012 federal income tax liabilities were deemed to be dischargeable in the debtor's case.

4. *Plaintiff's Motion For Summary Judgment*, filed on November 10, 2017;

5. *The Department of Finance and Administration's Motion For Summary Judgment and Brief in Support*, filed on November 12, 2017;

6. *Plaintiff's First Amended and Restated Motion For Summary Judgment*, filed on November 17, 2017;

7. *Plaintiff's Response in Opposition to Motion For Summary Judgment of ADF&A*, filed on December 11, 2017;

8. *Response of the Separate Defendant Arkansas Department of Finance and Administration to Plaintiff's First Amended and Restated Motion For Summary Judgment Combined With Brief in Support*, filed on December 14, 2017;

9. *Reply to Plaintiff's Response in Opposition to Motion For Summary Judgment of ADF&A Combined With Brief in Support*, filed on December 14, 2017.

**Jurisdiction**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(I), (K). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. For the reasons stated below, the Court grants Arkansas Department of Finance and Administration's [ADFA] motion for summary judgment and finds that the debtor's tax liability to ADFA and the State of Arkansas is nondischargeable in the debtor's bankruptcy case. The debtor's motion for summary judgment is denied.

**Summary Judgment**

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings. Rule 56 states that summary judgment shall be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the absence of a genuine issue of material fact

and that it is entitled to judgment as a matter of law. *Canal Ins. Co. v. ML & S Trucking, Inc.*, No. 2:10-CV-02041, 2011 WL 2666824, at *1 (W.D. Ark. July 6, 2011) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir.1999)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing to former Fed. R. Civ. P. 56(c)). The burden then shifts to the non-moving party, who must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

When ruling on a summary judgment motion, the Court must view the facts in the light most favorable to the non-moving party and allow that party the benefit of all reasonable inferences to be drawn from the evidence. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997); *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 650 (8th Cir. 1996). Cross-motions for summary judgment, such as the motions before the Court, "simply require [a court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Mills v. Iowa*, 895 F. Supp. 2d 944, 958 (S.D. Iowa 2012) (citing *Barnes v. Fleet Nat'l Bank*, 370 F.3d 164, 170 (1st Cir. 2004)).

**Positions of the Parties**

The debtor filed his complaint against ADFA to determine the dischargeability of the debtor's 1998 through 2008 tax liabilities owed to the State of Arkansas. According to the debtor, and the Court agrees, the taxes owed are not of a kind that renders them nondischargeable under § 523(a)(1)(A). Further, the parties stipulated that the debtor did not make any fraudulent returns related to the taxes owed to ADFA to implicate § 523(a)(1)(C). The relevant exception to the discharge of the debtor's taxes, and the only issue before the Court, is found in § 523(a)(1)(B), which states:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (1) for a tax or a customs duty—
> . . .

3

>   (B) with respect to which a return, or equivalent report or notice, if required—
>     (i) was not filed or given; or
>     (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition;

11 U.S.C. § 523(a)(1)(B).

The debtor admits in the parties' stipulation of facts that each of the tax returns in question–1998 through 2008–were filed late. In fact, according to the debtor, all of the returns at issue were filed on November 7, 2013, more than four and a half years after the 2008 return was due and fourteen and a half years after the 1998 tax was due. *See* Ark. Code. Ann. § 26-51-806(a)(2)(A) (individual tax returns shall be filed "on or before April 15" for the preceding year). ADFA did not have a copy of the debtor's 2004 or 2005 tax returns so it could not stipulate to those specific returns' filing date. According to the stipulation, ADFA assessed the debtor's taxes for all of the years except 2004 and 2005 on November 13, 2013, less than one week after it had received the late-filed tax returns from the debtor. It assessed the debtor's taxes for 2004 and 2005 on July 10, 2009.

According to the debtor, because the debtor filed all of his tax returns prior to "after two years before the date of the filing of the petition," the Court can find as a matter of law that the debtor's tax obligations to ADFA are dischargeable in the debtor's case under § 523(a)(1)(B)(ii). The debtor also suggests in his motion for summary judgment that to the extent ADFA has a lien based on a claim than exceeds the value of the debtor's property, the amount of the claim that exceeds the value of the property is unsecured and "void pursuant to 11 U.S.C. § 506(d)."

ADFA argues in its motion for summary judgment that the debtor's tax obligations are nondischargeable based on the hanging paragraph that was added under BAPCPA and

follows § 523(a)(19). The paragraph, which the Court will refer to as § 523(a)(*),[2] states as follows:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a)(*).[3] According to ADFA, after the enactment of BAPCPA, the debtor's late-filed returns are not considered returns for the purpose of § 523(a)(1). As a result, the debtor failed to file a return under § 523(a)(1)(B)(i) and the debtor's tax liabilities are nondischargeable in the debtor's chapter 7 case.

**11 U.S.C. § 506(d)**

The Court will address the debtor's § 506(d) argument first. The parties stipulated that "[a]ll liens of the ADF&A over and above [$9550.00] are unsecured pursuant to 11

---

[2] *See Mallo v. Internal Revenue Serv.* (*In re Mallo*), 774 F.3d 1313, 1318 (10th Cir. 2014) (the paragraph is "often cited as § 523(a)(*) and referred to as the 'hanging paragraph'").

[3] Section 6020 of the Internal Revenue Code deals with federal returns that are prepared by the Internal Revenue Service. A return prepared pursuant to subsection (a) is prepared by the IRS with the assistance of the taxpayer and is signed by the taxpayer. A return prepared pursuant to subsection (b) is prepared by the IRS without the assistance of the taxpayer.

Because the tax returns at issue in this case are state returns and not federal returns, the Court finds that the safe-harbor provision in the second sentence is not applicable. The second sentence "simply explains that [late-filed] returns filed pursuant to § 6020(a) do qualify as returns for discharge purposes, while those filed pursuant to § 6020(b) do not." *McCoy v. Mississippi State Tax Comm'n* (*In re McCoy*), 666 F.3d 924, 931 (5th Cir. 2012). Section 523(a)(*) appears to limit the application of § 523(a)(1)(B)(ii) to a § 6020(a) return.

5

U.S.C. § 506(a) *and are void pursuant to 11 U.S.C. § 506(d)*" (emphasis added). Although the parties stipulated to this legal conclusion, the Court does not accept the stipulation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("we are not bound to accept as true a legal conclusion couched as a factual allegation"). The parties' stipulation directly contradicts established law by suggesting that a lien is void under § 506(d) simply because the creditor has an unsecured, but allowed, claim. The Supreme Court first addressed this issue in *Dewsnup v. Timm*, 502 U.S. 410 (1992). *Dewsnup* concerned the "strip-down" of a bifurcated claim's unsecured amount under § 506(a) and the voiding of the unsecured portion of the lien under § 506(d). In *Dewsnup*, the Court held that "§ 506(d) does not allow petitioner to 'strip down' respondents' lien, because respondents' claim is secured by a lien and has been fully allowed pursuant to § 502." *Id*. at 417.

Over thirty years later, the Court revisited the issue based on a debtor's request to limit *Dewsnup* to partially secured liens, not wholly unsecured liens. *Bank of America, N.A. v. Caulkett* (*In re Caulkett*), 135 S. Ct. 1995 (2015). The Court held that its decision in *Dewsnup* reduced § 506(d)'s function to "voiding a lien whenever a claim secured by the lien itself has not been allowed." *Id.* at 1999. That definition does not depend on whether a lien is partially or wholly unsecured. *Id.* at 2000. The Court stated that "[t]he reasoning of *Dewsnup* dictates that a debtor in a Chapter 7 bankruptcy proceeding may not void a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral." *Id.* at 2001. Necessarily, if this Court finds that ADFA's debt is dischargeable, ADFA's lien will disappear if and when the debtor receives a discharge because there would be no more underlying debt. Conversely, however, if the Court finds that ADFA's debt is nondischargeable, the liens (and the total debt) survive the debtor's bankruptcy and may, in fact, attach to the debtor's later acquired property.

**11 U.S.C. § 523(a)(1) and (a)(*)**

The Court will next address the meaning of "return" as it is used in § 523(a)(1). Without the advantage of the statutory definition of "return" that now appears in § 523(a)(*), the Court would look to the Eighth Circuit for guidance; specifically, *Colsen v. United States* (*In re Colsen*), 446 F.3d 836 (8th Cir. 2006).[4] In *Colsen*, the Eighth Circuit recognized that pre-BAPCPA the bankruptcy code did not define what a "return" was for purposes of § 523(a)(1). *In re Colsen*, 446 F.3d at 839. After reviewing cases from the Tax Court and the Sixth, Fourth, and Seventh Circuit Courts, the court found the dissenting opinion in a Seventh Circuit case persuasive in defining what would constitute a "return" for purposes of § 523(a)(1). *In re Colsen*, 446 F.3d at 840 (citing *In re Payne*, 431 F.3d 1055, 1060 (7th Cir. 2005)). In *Payne*, the Seventh Circuit case, the majority concluded that a return filed after a taxing authority has made an assessment was not a reasonable attempt to comply with the tax law requirements to file a timely return.[5] Accordingly, the court found that the debtor's late-filed return was not a return for purposes of § 523(a)(1)(B)(i).

In a dissenting opinion in *Payne*, Judge Easterbrook recognized that "the absence of a statutory definition of the word 'return' in tax law leaves the judiciary with the discretion to vary the definition according to both economic and legal context." Judge Easterbrook argued that "[t]imely filing and satisfaction of one's financial obligations are requirements distinct from the definition of 'return.'" *In re Payne*, 431 F.3d at 1061. The Eighth Circuit agreed and in *Colsen* held that in determining what constitutes a "return" under § 523(a) after the taxing authority has assessed a deficiency, courts should look at the "honesty and genuineness of the filer's attempt to satisfy the tax laws" by

---

[4] Even though the Eighth Circuit issued this opinion after BAPCPA was enacted, the debtor's case was filed pre-BAPCPA. Because of that, the court did not apply the definition of "return" under § 523(a)(*).

[5] The Court recognizes that with the exception of the 2004 and 2005 taxes, ADFA did not make an assessment until after the debtor filed his returns, thus distinguishing the majority's opinion.

looking at the "face of the form itself, not from the filer's delinquency or the reasons for it." *In re Colsen*, 446 F.3d at 840 (citing *Beard v. Comm'r*, 793 F.2d 139 (6th Cir. 1986), for the appropriate criteria to determine whether a document is a return). However, while recognizing the lack of a statutory definition in *Colsen*, the Eighth Circuit tacitly acknowledged that the BAPCPA-added definition of "return" would be applicable in cases filed after the enactment of BAPCPA. *In re Colsen*, 446 F.3d at 839 (referring to § 523(a)(*) the court said, "we do not apply that language here because Mr. Colsen's bankruptcy petition was filed before the Act's effective date").

Courts now have a statutory definition of what a "return" is for purposes of § 523(a)(1): "the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (*including applicable filing requirements*)." 11 U.S.C. § 523(a)(*) (emphasis added). However, having a definition does not alleviate the confusion. Six circuit courts have addressed the specific requirement for a return to satisfy applicable nonbankruptcy law, including any applicable filing requirements. In the most recent case, and in the two circuit cases it cites, the court re-adopted what it considered to be the "Tax Court's widely-accepted definition of 'return.'" *Smith v. Internal Revenue Serv.* (*In re Smith*), 828 F.3d 1094, 1096 (9th Cir. 2016) (adopting the court's *Hatton* factors to determine whether a document qualified as a return; *In re Hatton*, 220 F.3d 1057 (9th Cir. 2000)).[6] In both *Smith* and *Hatton*, the debtors did not file a return until after the Internal Revenue Service had assessed a deficiency. The issue in both cases was whether a return that was filed by the debtor *after* the taxing authority had assessed a deficiency (or had filed a return on behalf of the debtor) was a return for purposes of § 523(a)(1). The *Smith* court quoted § 523(a)(*) and then stated that it had not interpreted the new

---

[6] These factors are similar to the *Beard* factors referenced in *In re Colsen*, above, and the *Hindenlang* factors discussed in *McCoy v. Mississippi State Tax Comm'n* (*In re McCoy*), 666 F.3d 924 (5th Cir. 2012), below. Generally, the factors are that a return (1) must purport to be a return, (2) must be signed under penalty of perjury, (3) must contain enough data to allow the calculation of tax, and (4) must represent an honest and reasonable (or genuine) attempt to satisfy the tax laws. *In re Smith*, 828 F.3d at 1096 (citing *In re Hatton*, 220 F.3d at 1060-61).

definition but "several of our sister circuits agree that *Hatton*'s four-factor test still applies." *In re Smith*, 828 F.3d at 1096.

Both of the cases cited by *Smith* also addressed the issue of a return filed after the taxing authority had assessed a deficiency. *See Justice v. Internal Revenue Serv.* (*In re Justice*), 817 F.3d 738, 740-41 (11th Cir. 2016); *In re Ciotti*, 638 F.3d 276, 280 (4th Cir. 2011).[7] These three circuits were each dealing with a situation in which a debtor had filed a late return after the taxing authority had assessed a deficiency and found that the long-standing four-factor test was the appropriate test to determine compliance with "applicable nonbankruptcy law," regardless of the statutory definition contained in § 523(a)(*). As the *Justice* court explained, not only does a debtor need to meet the "applicable filing requirements," whatever that may encompass, "the BAPCPA definition also demands that a return satisfy 'the requirements of applicable nonbankruptcy law.' Both parties to this case, and all courts to consider the issue, agree that the term 'applicable nonbankruptcy law' incorporates the *Beard* test." *In re Justice*, 817 F.3d at 743. However, it appears that the *Justice* court is allowing the *Beard* test to overrule the BAPCPA added statutory definition that also requires a debtor to meet the applicable filing requirements.

Of the three circuits that have found that a late-filed return did not satisfy the definition of "return" under § 523(a)(*), only one was dealing with a debtor that filed a return after the taxing authority assessed a deficiency. *See Mallo v. Internal Revenue Serv.* (*In re Mallo*), 774 F.3d 1313 (10th Cir. 2014). The taxing authorities in the other two circuit cases had not assessed a deficiency. *See In re Fahey*, 779 F.3d 1 (1st Cir. 2015); *McCoy v. Mississippi State Tax Comm'n* (*In re McCoy*), 666 F.3d 924 (5th Cir. 2012). Regardless, each of these courts addressed specifically the statutory definition of "return"

---

[7] Only *Justice* referenced § 523(a)(*) and it assumed, without deciding, that the requirement to timely file a return to satisfy "applicable filing requirements" was "incorrect." *In re Justice*, 817 F.3d at 743.

that now appears in the code.

After discussing generally the rules of statutory construction, the Tenth Circuit turned to the hanging paragraph, § 523(a)(*). The statute defines "return" as a document that "satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)." The court first recognized that prior to the enactment of § 523(a)(*), most courts applied the *Beard* test to determine whether a document qualified as a return. *In re Mallo*, 774 F.3d at 1318. However, in addition to meeting the *Beard* test, the court recognized that tax forms must now comply with "applicable filing requirements." *Id.* at 1320; *cf In re McCoy*, 666 F.3d at 929 (listing cases that support an unambiguous definition of 'return,' thus "obviating the need to return to the pre-BAPCPA *Hindenlang* test"). This Court agrees that the language defining "return" that was added under BAPCPA is clear and unambiguous and that the phrase "including applicable filing requirements" is not superfluous to the definition.[8]

To determine what the applicable filing requirements are, the Court must turn to Arkansas law. In Arkansas, an income tax return "shall be filed as follows: (a) If covering the preceding calendar year, on or before April 15." Ark. Code Ann. § 26-51-806(a)(2)(A). By including a requirement that a tax return "shall be filed" by a certain date, the state is indicating that timeliness is a condition to filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005) (concluding that timeliness was condition for filing a habeas petition when state rule said the petition "shall" be filed within the time limit); *see also In re Fahey*, 779 F.3d at 8 (finding late-filed return did not comply with Massachusetts timely filing requirement); *In re Mallo*, 774 F.3d at 1321 (citing cases and finding that filing requirements include filing deadlines); *In re McCoy*, 666 F.3d at 932 (finding late-filed return did not comply with Mississippi timely filing requirement). Had

---

[8] The Court also acknowledges that the *Beard* factors recognized by the Eighth Circuit in *In re Colsen* would still apply to determine whether a document that met the applicable filing requirements and purported to be a return was, in fact, a return for § 523(a)(1) purposes.

10

Congress intended to create an exception for all late-filed returns and not just federal returns filed under § 6020(a) of the Internal Revenue Code, it could have simply required that returns satisfy "applicable nonbankruptcy law" and allowed the respective four-factored tests to continue to define what a "return" is under § 523(a)(1). It did not.

With the added specific requirement that returns must meet the "applicable filing requirements," Congress has limited the tax liabilities that can be discharged in bankruptcy by requiring that a debtor timely comply with the relevant law, in this case the filing of the debtor's state returns on or before April 15 of the following year. The debtor did not file any of the returns at issue by the statutory deadline. Accordingly, the Court finds that the debtor's returns are not returns for purposes of § 523(a)(1). Because the debtor did not file a return that meets the definition of return under the code, the Court finds that the debtor's tax liability to the State of Arkansas is nondischargeable under § 523(a)(1)(B)(i) and the Court grants ADFA's motion for summary judgment as a matter of law.

IT IS SO ORDERED.

                                                                                         Ben Barry
                                                                                         United States Bankruptcy Judge
                                                                                        Dated: 01/25/2018

cc:    David G. Nixon, attorney for the debtor
        Stacy Ray Kline, debtor
        Michelle L. Baker, attorney for ADFA
        Bianca Rucker, chapter 7 trustee
        U.S. Trustee